IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

KLIPPED KIPPAHS LLC )
(a Florida Limited Liability Company), )
)
Plaintiff, )
)
v. ) Case No.
)
JUDAICA HOUSE, LTD. )
(a New Jersey corporation), )
)
Defendant. )

## COMPLAINT

Plaintiff Klipped Kippahs  LLC (the "Plaintiff"), by and through its undersigned

counsel, for its complaint against Defendant Judaica House, Ltd. (the "Defendant"),

alleges as follows:

1.     Plaintiff is a Limited Liability Company organized under the laws of the

State of Florida, located at 3670 N. 46th Avenue, Hollywood Florida 33021.

2.      Upon information and belief, Defendant is a corporation organized under

the laws of the State of New Jersey and has an office and place of business at 478 Cedar

Lane, Teaneck, New Jersey 07666.

3.     This is an action for infringement of a patent, for direct infringement, and

for inducing infringement of a  U.S. patent under 35 USC § 271, for trademark

infringement and false designation of origin under Section 43 (a) of the Lanham Act, 15

USC § 1125(a), trademark dilution under 15 USC § 1125(c), unfair trade practices under

the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*., and

unfair competition under the common law of the State of Florida.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 USC §§ 1331 and 1338, and 15 USC § 1121. The Court has supplemental jurisdiction over the common law claims under 28 USC §1367(a).

5.      This Court has personal jurisdiction over the Defendant pursuant to Fla. Stat. §48.193(1) and (2), by virtue of the fact that, upon information and belief, Defendant regularly engages in business in this state; has committed a tortious act within the state by committing acts of infringement and unfair competition in this state; and engages in substantial and not isolated activity in this state.

6.      Venue is proper in this district pursuant to 28 USC § 1391.

7.      Plaintiff is a leading manufacturer and distributor of skullcaps that have interior clips.  Plaintiff is the owner of U.S. Design Patent No. D663,508 and other pending patent applications for skullcaps that have interior clips. Plaintiff's skullcaps are marketed under the trademarks KLIPPED, KLIPPED and Design and KLIPPED KIPPAHS (collectively, Plaintiff's Marks or KLIPPED Marks).  See Exhibit A attached hereto.

8.      Defendant Judaica House Ltd. sells a variety of items, including competing skullcaps with interior clips, through Coolkippahs.com, a separate corporate division.

9.      Upon information and belief, Defendant is manufacturing, offering for sale and selling skullcaps with interior clips attached. Defendant also is manufacturing, offering for sale, selling and distributing individual pairs of clips to third parties with instructions for attachment of said clips to the interiors of skullcaps.

10.     Defendant sells individual pairs of clips under the names CLIPIT! and Design, CLIPIT!CLIPS!, and CK CLIPIT! and Design (collectively, the CLIPIT Designations), as shown in the attached Exhibit B.

11.   On Defendant's Coolkippahs.com website, a section includes testimonials and feedback from customers in several states.  In particular, there is a testimonial from a Florida customer named Barry F.  See Exhibit C attached hereto.

12.   At least as early as April 2013, Plaintiff has been aware of instances of actual confusion between Plaintiff's and Defendant's products under their respective marks.

### COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. U.S. D663,508

13.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.   On July 17, 2012, United States Letters Patent No. D663,508 ("the '508 Patent") entitled "SKULLCAP WITH INTERIOR CLIPS" was duly and legally issued by the United States Patent and Trademark Office, for the ornamental design of a skullcap with interior clips, a true and correct copy of which is attached as Exhibit D.

15.     Klipped Kippahs, LLC, is the owner by assignment of the '508 Patent.

16.     The '508 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

17.     Defendant Judaica House, Ltd., through its Coolkippahs.com division, is manufacturing, has manufactured, is selling, has sold and offered for sale skullcaps with interior clips having a design that is virtually identical to, and that is substantially the

same as the ornamental design claimed in the '508 Patent. Defendant's skullcaps with interior clips infringe the design of the '508 Patent.

18.     Defendant Judaica House, Ltd. has infringed and continues to directly infringe the design of the '508 Patent.

19.     Defendant Judaica House, Ltd. has actively induced and continues to actively induce infringement of the patented design of the '508 Patent by selling individual pairs of clips with instructions to attach the clips to the interior of skullcaps, infringing the design of the '508 Patent, therefore actively inducing others to directly infringe the design of the '508 Patent.

20.     Plaintiff provided written notice of the '508 Patent and of Defendant's infringement thereof, to Defendant and Defendant's counsel at least as early as July 24, 2012, and again on August 16, 2012. Copies of said correspondence are attached hereto as Exhibits E, F and G. Despite such notice, Defendant has continued to infringe the design of the '508 Patent in disregard of Plaintiff's legal rights and to Plaintiff's detriment. Therefore, Defendant's infringement of the design of the '508 Patent is willful.

21.     Plaintiff has sustained damages as a result of the infringing acts of Defendant.

22.     Plaintiff has suffered and will continue to suffer irreparable harm unless infringement of the design of the '508 Patent is enjoined.

## COUNT TWO

### TRADEMARK INFRINGEMENT AND
### FALSE DESIGNATION OF ORIGIN

23.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint as if fully set forth herein.

24.     Since at least as early as November 2006, Plaintiff has continuously used its KLIPPED Marks in connection with and to identify its skullcap products.

25.      Plaintiff's KLIPPED Marks displayed on and in association with its skullcap products are inherently distinctive to the public, and serve primarily as a designator of origin of skullcap products emanating from or sponsored or licensed by Plaintiff.

26.     As a result of the widespread use and display of Plaintiff's KLIPPED Marks (a) the public and the trade use them to identify and refer to Plaintiff's skullcaps, (b) the public and the trade recognize that such designations refer to a high quality skullcap emanating from a single source, and (c) said trademarks have built up extensive goodwill and have acquired secondary meaning.

27.     Subsequent to Plaintiff's use of its KLIPPED Marks, Defendant Judaica House, Ltd., through its Coolkippas.com division, commenced the sale and distribution in interstate commerce of skullcap products bearing the CLIPIT Designations. Defendant's aforementioned designations as displayed on its skullcap products are virtually identical and confusingly similar to Plaintiff's KLIPPED Marks in connection with its skullcap products, in that the CLIPIT Designations incorporate word elements that are highly similar to those in Plaintiff's KLIPPED Marks, and also incorporate a design of a skullcap that is similar to that used in Plaintiff's KLIPPED Marks.

28.     Upon information and belief, Plaintiff's and Defendant's respective skullcap products are sold in the same channels of trade and are sold at similar retail prices.

29.     Defendant's actions as alleged in connection with the sale, distribution and marketing of its skullcap products under the CLIPIT Designations are intended to cause, are likely to cause, and have caused confusion, mistake or deception as to the source or origin of Plaintiff's skullcap products under the KLIPPED Marks  in that the public, the trade and others are likely to believe or believe that Defendant's skullcap products under the CLIPIT Designations are the same as Plaintiff's products under the KLIPPED Marks, or are authorized, sponsored or approved by Plaintiff, or are otherwise affiliated or connected with Plaintiff and/or its valuable KLIPPED Marks.

30.     Defendant's actions as alleged have caused, and will continue to cause irreparable harm to Plaintiff and its valuable trademarks, and to the business and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court.

31.     Defendant's acts as alleged constitute trademark infringement, false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 USC § 1125(a), all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

32.     Upon information and belief, by such wrongful acts, Defendant has and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with its trademarks, including diversion of customers, lost sales and lost profits.

33.     Plaintiff has no adequate remedy at law.

## COUNT THREE
## COMMON LAW UNFAIR COMPETITION AND
## TRADEMARK INFRINGEMENT

34.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 12, and 24 through 33 of this Complaint as if fully set forth herein.

35.     Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the KLIPPED Marks within the State of Florida and in violation of Florida law.

36.     Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its KLIPPED Marks.  Plaintiff has no adequate remedy at law.

## COUNT FOUR
## FEDERAL TRADEMARK DILUTION

37.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 12,  24 through 33, and 35 and 36 of this Complaint as if fully set forth herein.

38.     This is a claim for dilution of Plaintiff's KLIPPED Marks  arising under Section 43 (c) of the Lanham Act, 15 USC § 1125(c).

39.     Upon information and belief, Plaintiff's KLIPPED Marks are famous marks and had become famous prior to the commencement of Defendant's activities as alleged herein.

40.     Defendant's unauthorized use of the CLIPIT Designations is likely to dilute and blur the distinctive quality of Plaintiff's KLIPPED Marks, and to tarnish Plaintiff's KLIPPED Marks.

41.     Upon information and belief, Defendant willfully intended to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's famous KLIPPED Marks.

## COUNT FIVE
## TRADEMARK DILUTION UNDER FLORIDA LAW

42.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 12, 24 through 33, 35 and 36, and 38 through 41 of this Complaint as if fully stated herein.

43.     Plaintiff's KLIPPED Marks constitute famous marks in the State of Florida pursuant to Fla. Stat. § 495.151, which marks became famous prior to the commencement of Defendant's activities as alleged herein.

44.     Upon information and belief, Defendant's activities as alleged herein dilute the distinctive quality of Plaintiff's KLIPPED Marks in violation of Fla. Stat. § 495.151.

45.     Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its KLIPPED Marks. Plaintiff has no adequate remedy at law.

## COUNT SIX
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

46.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 12, 24 through 33, 35 and 36, 38 through 41, and 43 through 45 of this Complaint as if fully set forth herein.

8

47.     Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of Fla. Stat. § 501.201 *et seq.*

48.     Upon information and belief, Defendant's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its KLIPPED Marks.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order of the Court:

A.      Entering a judgment that Defendant has infringed, and has induced infringement of the design of U.S. Patent No. D663,508;

B.      Ordering Defendant to pay damages under 35 USC §§ 284 and 289 to adequately compensate Plaintiff for Defendant's patent infringement, including an award of Defendant's profits from its infringement of the design of U.S. Patent No. D663,508, together with pre- and post-judgment interest;

C.      Finding that Defendant's patent infringement was willful and malicious and awarding treble damages to Plaintiff under 35 USC § 284;

D.      Finding this to be an exceptional case of patent infringement and awarding reasonable attorneys' fees to Plaintiff under 35 USC §285;

E.      Granting a preliminary and permanent injunction restraining Defendant Judaica House, its subsidiaries, divisions, officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

1.      infringing the design of Plaintiff's '508 Patent;

2.      infringing Plaintiff's KLIPPED Marks; and

3.      unfairly competing with Plaintiff.

F.      Directing Defendant to use its best efforts to recall from the trade and other third parties any and all infringing products and any marketing, advertising and promotional materials used in connection therewith;

G.      Directing Defendant to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction;

H.      Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing products and any marketing, advertising, and promotional materials used in connection therewith, now or hereafter in its possession, custody or control;

I.      Directing Defendant to account to Plaintiff for any and all profits derived by Defendant from the sale of goods bearing the infringing trademarks;

J.      Awarding Plaintiff a monetary judgment against Defendant for Plaintiff's damages and Defendant's profits pursuant to 15 USC § 1117;

K.      Trebling the amount of such award on account of Defendant's willful, intentional, and bad faith conduct pursuant to 15 USC § 1117;

L.      Finding this case to be an "exceptional case" under 15 U.S.C. § 1117 and awarding Plaintiff its reasonable attorney's fees

M.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  June 18, 2013

_____
Robert M. Schwartz, Esq.
Florida Bar No. 304018
ROBERT M. SCHWARTZ, P.A.
2445 Hollywood Boulevard
Hollywood, Florida  33020
Telephone: (954) 924-0707
Facsimile: (954) 924-0717
Email: litigation@patentmiami.com
*Attorneys for Plaintiff, Klipped Kippahs LLC*

11